## WEBSTER & GAGE v. REES

| 23 | 269 |
| 123 | 685 |

1. **Evidence:** STATUTE LAWS. Under section 4063 of the Revision, printed copies of the statute laws of a State, purporting to be published under the authority thereof, are admissible as presumptive evidence of such laws.

2. **Statute of limitations:** OF ANOTHER STATE. When a cause of action has been fully barred by the laws of another State, such bar may be plead here. Rev. § 2746.

3. ——' TESTIMONY OF DEFENDANT. To make a defendant liable from his testimony under section 2742 of the Revision, to a debt barred by the statute of limitations, it must *affirmatively* appear that the cause of action still subsists. A statement by him that he was discharged under a State bankrupt law, that some dividends, probably about forty per cent, were paid creditors, and that the note was otherwise wholly unpaid, is not sufficient to charge him.

4. **Bankrupt laws:** OF A STATE. The bankrupt laws of a State form a part of every contract made and to be performed therein.

*Appeal from Dubuque District Court.*

WEDNESDAY, OCTOBER 23.

THE plaintiffs, as indorsees, sue defendant on a note of $175, dated January 8, 1850, and payable at six months. They allege the same to be unpaid, that their cause of action thereon still subsists, as they can and will make appear by defendant's testimony at the trial of the suit. Besides denying the allegations of the petition, the defendant pleads specially the statute of limitations of the State of Massachusetts, setting forth its provisions, whereby said note became out-lawed in six years from the date of its maturity, alleging that it was executed and delivered at Lowell, in that State, and that the payee and maker thereof continued to reside at the same place for the term of eight years thereafter, and that no action could now be maintained thereon. He further pleads

that said note has been paid and satisfied. The trial resulted in a verdict for the defendant, on which the court, after overruling a motion for a new trial, rendered a judgment, and plaintiffs appeal.

*Wilson & Doud* for the appellant.

*McCeeney* for the appellee.

LOWE, Ch. J. — Our attention is called to three supposed matters of error in the proceedings below.

First, in allowing the defendant to introduce in evidence to the jury, what purported to be the statute of
1. EVIDENCE: the State of Massachusetts, without any proof
statute laws. of its authenticity. From the bill of exceptions it appears that the defendant offered in evidence a volume of printed laws, purporting to be the statute laws of Massachusetts, with the usual certificates of authenticity printed therein, and purporting to be published by the State printers, etc.

As the statute thus introduced purported to have been published under the authority of the State, the court did not err in admitting these as presumptive evidence of such laws. See Rev. § 4063.

Second, at the request of defendant's counsel, the court charged the jury, that if the defendant continued to
2. STATUTE OF reside in the State of Massachusetts, and no
LIMITATIONS: action was commenced on the note in question,
of another
State. for six years after the note became due, then. it was barred by the statute of Massachusetts, and the jury must find for the defendant.

The evidence shows that the defendant continued to reside at Lowell, Massachusetts, more than six years after the maturity of the note, as did also the payee, who, during that time, held the note. The objection,

therefore, to the instruction, is met by the provisions of section 2746 of the Revision, which clearly authorized the same.

Lastly it is complained that the court refused the following instruction, asked by the plaintiffs, viz. :

3. —— testimony of defendant.

"If the jury find from the evidence given by the defendant, as a witness on the stand, that the indebtedness still justly subsists, then you will find for the plaintiffs."

This instruction was intended to be based upon the provision of section 2742 of the Revision, which declares that "in actions founded on contract, the above limitations shall not apply if from the answer of the defendant, or from his testimony as a witness, it appears affirmatively that the cause of action still justly subsists.

"Now, whether effect is to be given to this section, even in a case made under it, when the defendant has clearly brought himself within the provision of section 2746, showing that the action had been fully barred by the statute laws of another State, we need not now decide, for the reason that there is another sufficient answer to the error complained of, namely, that there was no evidence given by the defendant on the stand that would justify the giving of such an instruction. What the defendant testified to in regard to a subsisting indebtedness was this, "that he did execute the note; that he afterward executed an assignment to a commissioner in bankruptcy in Massachusetts, and obtained a discharge; that some dividend was paid creditors, but did not know how much, thought some forty per cent or more; did not know as plaintiff claimed as creditor under same; note was otherwise wholly unpaid."

These facts were elicited in evidence by the plaintiffs themselves, and so far from showing that the note sued on

constituted a subsisting debt, they show just the reverse—that the defendant had been wholly discharged from the same under the insolvent laws of Massachusetts.

The doctrine is, that such laws form a part of every contract made in that State, and to be performed therein.

4. BANKRUPT LAWS: of a State. The evidence in this case, further shows that at the date of the note, the parties thereto both resided in Massachusetts; that there is no stipulation upon the face of the note that it was to be paid elsewhere. That both parties probably intended to reside in Massachusetts, until after the defendant's proceeding in bankruptcy, which had the effect to operate a full discharge from his indebtedness. See 3 Parsons on Contracts, 439, and note and authorities cited.

In the absence, therefore, of any testimony whatever, showing a subsisting indebtedness, it follows that the court did right in withholding from the jury the instruction referred to.

The judgment will be

Affirmed.